Argued September 30, affirmed October 7, 1953

# FINNELL *v.* FINNELL

261 P. 2d 680

*Orville T. Boyle,* of Portland, argued the cause and filed a brief for appellant.

*Carl A. Dahl,* of Portland, argued the cause and filed a brief for respondent.

Before Latourette, Chief Justice, and Lusk, Brand, and Tooze, Justices.

## PER CURIAM.

The plaintiff Chris R. Finnell brought suit for divorce against the defendant Ruth M. Finnell. The complaint contained the usual jurisdictional allegations and set forth alleged acts of cruel and inhuman treatment, rendering life burdensome, to which he had been subjected by his wife. The complaint alleged that there were no property rights to be determined, and set forth as grounds for the divorce that the defendant was argumentative and quarrelsome, and that she had said she no longer loved the plaintiff, and had made false and derogatory remarks concerning him to the neighbors. He alleged his willingness to support the minor child of the marriage, who at that time was at the age of nine years. Plaintiff alleged that he was a fit and proper person to have custody of the minor child, a daughter, but made no allegation that the defendant was unfit to have such custody. The prayer of the complaint was for a decree of divorce and that the care and custody of the minor child be awarded to the defendant mother and that the plaintiff pay to the defendant for the support of the child $30 per month. The defendant answered, denying the allegations of the complaint and alleging that the plaintiff had treated the defendant in a cruel and inhuman manner; that he was possessed of an ungovernable temper; cursed and reviled the defendant, and had inflicted bodily harm upon her. She alleged further that the plaintiff left the home of the defendant at Bandon, Oregon, and moved to Baker, Oregon, and when the defendant went

to Baker to join the plaintiff he advised her that he wanted nothing further to do with her and wanted to get rid of both her and the child. There are other serious allegations in the answer of the defendant. The prayer of the defendant was for a decree of separate maintenance and for the custody of the minor child and for $150 per month for the support of the defendant; $100 per month for the support and education of the child; and for $500 attorney's fees, and $500 for costs and disbursements, witness fees, and traveling expenses to cover transportation costs to enable the defendant to come from her home in Minneapolis, Minnesota, to Oregon in order to defend the suit. The reply was a general denial. The cause was heard by Judge Langtry in Multnomah County, and after full consideration of the evidence and of the credibility of the respective witnesses, the court entered a decree that the defendant be granted separation from bed and board and separate maintenance from the plaintiff for an unlimited time; that she be awarded the custody of the child, subject to rights of visitation; that the plaintiff pay $75 per month for the support of the defendant and $75 per month for the support of the minor child. It was further decreed that the plaintiff pay $200 as attorney's fees in addition to $75 which had theretofore been paid, and that the plaintiff further pay $93.11 for defendant's traveling expenses in addition to the sum of $150 theretofore paid. The decree also awarded to the defendant a 1946 Ford automobile. Lastly it was decreed that the proceeds from the sale of real and personal property of the parties in Bandon "and the property in which a portion of the said proceeds had been invested" be set aside and awarded to the defendant.

■ The Court has considered the briefs, arguments of counsel, the testimony adduced at the trial and the opinion of the lower court. We are of the opinion that the evidence strongly preponderated in favor of the defendant and supports the conclusions and decree of the trial court. The decree is therefore affirmed.

■ Pursuant to the provisions of statute, the defendant has filed a motion in this court for an order awarding to her additional attorney's fees in the amount of $250. In view of the considerable awards of both money and property which the defendant has already received at the hands of the circuit court, and of the financial condition of the plaintiff as appears from the record, the defendant will be awarded an additional sum in the amount only of $100.